<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GREGORY N. DUCKWORTH;<br>F/V REAPER, INC.; and F/V TWISTER, INC.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>THE UNITED SATES OF AMERICA, acting<br>by and through GARY LOCKE, in official<br>capacity as Secretary of the United States<br>Department of Commerce; THE NATIONAL<br>OCEANIC AND ATMOSPHERIC<br>ADMINISTRATION; and THE NATIONAL<br>MARINE FISHERIES SERVICE,<br><br>　　　　　Defendants. | Civil Action No. 09-1212 (GEB)<br><br>**MEMORANDUM OPINION** |

**<u>BROWN, Chief Judge</u>**

     This matter comes before the Court upon defendants Gary Locke, in his official capacity as U.S. Secretary of Commerce, the National Oceanic & Atmospheric Administration, and the National Marine Fisheries' (collectively "Defendants") Motion to Dismiss for improper venue, or in the alternative, to Transfer Venue (Docket Entry No. 5-2.)  The Court has reviewed the parties' submissions and decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons that follow, the Court will deny without prejudice Defendants' Motion to Dismiss but will grant Defendants' Motion to Transfer Venue.

**I.  BACKGROUND**

This dispute arises due to a complaint, filed by Gregory N. Duckworth, F/V Reaper, Inc., and F/V Twister, Inc. (collectively "Plaintiffs"), in which Plaintiffs allege that Defendants improperly imposed monetary penalties on Plaintiffs and revoked Plaintiffs' operator and fishing vessel permits. (Docket Entry No. 1 at ¶¶ 29-31, 38-61.)  Plaintiffs bring this action before the Court seeking an immediate stay and reversal of the October 6, 2008 Initial Decision and Order of Administrative Law Judge Michael Devine, who affirmed the imposition of nearly all of the fines and the revocation of the permits.  (Docket Entry No. 1 at ¶¶ 4, 27-28; Docket Entry No. 5-2 at 1-2.)  While the parties have recounted the facts of the underlying dispute in their briefs (*see generally Id.*; Docket Entry No. 5-2 at 1-2), a recitation of all the facts is not needed for purposes of these Motions.  The relevant facts pertaining to the matter before the Court are as follows: (1) Plaintiffs reside in Rhode Island (Docket Entry No. 1 at ¶¶ 20-22); (2) Defendants include an officer and two agencies of the federal government, and as such, they reside in Washington, D.C. (Docket Entry No. 5-2 at 3); and (3) none of the events giving rise to this litigation occurred in New Jersey.

**II.  DISCUSSION**

Defendants, in support of their Motion to Dismiss or alternatively, to Transfer Venue, argue that, under 28 U.S.C. § 1391(e),[1] venue does not lie in the District of New Jersey because all of the

---

[1]This statute provides:

A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim

events giving rise to this litigation, including Plaintiffs' fishing without a permit, their alleged false statement, and Defendants' assessment of penalties and revocation of permits, occurred in Rhode Island or the waters off of its coast, and the administrative hearing occurred in Boston, Massachusetts. (Docket Entry No. 5-2 at 3-4 (citing Plaintiffs' Complaint).) As such, Defendants argue that the instant civil action should be dismissed or transferred to the District of Rhode Island. (*Id.* at 4-5.) In seeking to transfer venue, Defendants invoke 28 U.S.C. § 1406(a), which states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Plaintiffs allege that venue is appropriate in this District pursuant to three subsections of 28 U.S.C. § 1391. The first, subsection (b)(1), provides that "a civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in . . . a judicial district where any defendant resides, if all defendants reside in the same State . . . ." The second, subsection (c), is listed in the Complaint and provides for proper venue in a case where the defendant is a corporation. Finally, Plaintiffs rely on subsection (1) of 28 U.S.C. § 1391(e).

Plaintiffs raise several other arguments in support of venue in this District. Plaintiffs argue that Defendants' motion asserting improper venue is barred as untimely pursuant to 16 U.S.C. §1855(f)(3)(A), which requires Defendants to file a responsive pleading no later than 45 days after

---

occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

being served with Plaintiffs' complaint. (Docket Entry No. 6-2 at 2; Docket Entry No. 7 at 1.) Plaintiffs next argue that because the burden of proof is on Defendants to show that venue is improper, the Court should deny Defendants' motion. (*Id.* at 2-3.) Plaintiffs also point out that Defendants may consent to be sued in any district in which they are subject to the court's jurisdiction. (*Id.* at 3.) Next, they argue that the Administrative Procedure Act, 5 U.S.C. §703, and the Magnuson-Stevens Fishery Conservation and Management Act, 16 U.S.C. §§ 1858 and 1861, provide a statutory basis for venue in New Jersey because neither "preclude[s]" it. (Docket Entry No. 6-2 at 3.) In addition, Plaintiffs claim that the waters off the coast of Rhode Island where the events underlying this litigation occurred are within the jurisdiction of the federal government, not the state of Rhode Island. (Docket Entry No. 6-2 at 4.) Finally, Plaintiffs argue venue is proper in New Jersey because both parties have contacts with this state. (*Id.* at 5.)

### A.     Standard to Determine Appropriate Venue

Venue concerns the appropriate district court in which an action may be filed. Venue statutes generally are concerned with convenience, as they seek to channel lawsuits to an appropriately convenient court, given the matters raised and the parties involved in an action. *Leroy v. Great W. United Corp.*, 443 U.S. 173, 184-85 (1979). It has long been established that the party challenging venue carries the burden of proving that venue is improper. *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982). When more than one proper venue is available under the applicable venue statute, the plaintiff is generally entitled to choose the location in which to file. A plaintiff need not file the action in the forum that is most convenient, only in a forum that is proper. *Sussman v. Bank of Isr.*, 56 F.3d 450, 457 (2d Cir. 1995) (citation omitted). However, the plaintiff's forum choice is given

less weight if the elected forum is not the same as plaintiff's residence, and is at a high risk of being overridden if not the forum where the operative events occurred. *Tranor v. Brown*, 913 F. Supp. 388, 391 (E.D. Pa. 1996); *Burstein v. Applied Extrusion Techs., Inc.*, 829 F. Supp. 106, 110 (D. Del. 1992) (stating that "[w]hen the plaintiff has chosen to bring suit in a district that is not his 'home turf' and which has no connection to any of the acts giving rise to the lawsuit," convenience to the plaintiff is not presumed).

When deciding an appropriate venue for transfer, Section 1406 is properly applied when the district in which the plaintiff originally brought the action is improper. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995) (stating that "Section 1404(a) provides for transfer of a case where both the original and the requested venue are proper. Section 1406, on the other hand, applies where the original venue is improper and provides for either transfer or dismissal of the case.") The purpose of Section 1406(a) is to "remov[e] whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962). Thus, "'transfer is favored over dismissal.'" *Double-Take, Inc. v. Neverfail Group Ltd.*, No. 07-1958, 2008 U.S. Dist. LEXIS 21045, at *15 (D.N.J. Mar. 17, 2008) (citing *Gottleib. v. United States*, No. 05-3803, 2006 U.S. Dist. LEXIS 64249, at *8 (D.N.J. Sept. 8, 2006)).

### B.     Application

Applying the facts of this case to the venue statutes above, the Court concludes that venue is not proper in New Jersey. Defendants, as agents of the government, reside, for purposes of venue, in Washington, D.C. *See, e.g.*, *Superior Oil Co. v. Andrus*, 656 F.2d 33, 38 (3d Cir. Del. 1981) (noting that it is "unchallenged" that the official residence of federal defendants is Washington, D.C.).

Thus, Plaintiffs' reliance on 28 U.S.C. §1391(b)(1) and (e)(1), which ground venue in Defendants' residence, is misplaced.  The Court also concludes that venue in this District is not appropriate pursuant to subsection (c), which Plaintiffs cite in their complaint to justify venue in the District of New Jersey.  (Docket Entry No. 1 at ¶14.)  While neither party addresses this subsection in their submissions, the Court notes that Defendants are agents of the federal government, not a corporation, and thus venue in this District cannot properly be based on this subsection.  Finally, although Plaintiffs do not argue that venue is appropriate in this Court under subsections (e)(2) or (e)(3), venue is not proper in New Jersey pursuant to these subsections because a "substantial part of events or omissions" did not occur in New Jersey, and Plaintiffs reside in Rhode Island.  Simply put, "the District of New Jersey has no connection to this lawsuit to establish venue under 28 U.S.C. §1391(e)."  (Docket Entry No. 5-2 at 4.)

     Briefly addressing Plaintiffs' other arguments, the Court concludes that none hasn  merit.  Defendants' motion was timely filed; Defendants have carried their burden in showing that venue is improper in New Jersey; and while Defendants may consent to be sued in this District, they are perfectly within their rights to object to venue.  Plaintiffs point to statutes that do not preclude venue in New Jersey, and who has jurisdiction over the waters off the coast of Rhode Island has no bearing on whether venue in this District is proper.  Finally, Plaintiffs' argument about the parties' contacts with New Jersey confuses personal jurisdiction with venue, and the Court need say no more other than that according to the relevant venue statute, 28 U.S.C. § 1391(e), contacts with the forum state are irrelevant for deciding the proper forum.

     Having found that venue is improper in New Jersey, the Court must decide whether to dismiss the case or transfer it to a district in which venue is proper.  Section 1406(a) applies because this case

was originally filed in the improper venue of New Jersey. As stated above, the purpose of Section 1406(a) is to "remov[e] whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits." *Goldlawr,* 369 U.S. at 466-67. Accordingly, the Court will transfer this case rather than dismiss it.

Venue under Section 1391(e) is proper either in Washington, D.C., because that is where Defendants reside, or in Rhode Island, because that is where Plaintiffs reside and where the substantial part of the events of this litigation occurred. While either forum would be proper, Plaintiffs in their Opposition suggested transfer to the District of Columbia, and Defendants in their Reply stated that they did not object. (Docket Entry No. 6-2 at 6; Docket Entry No. 7 at 2.) Thus, because venue is proper in Washington, D.C., and the parties have agreed to transfer there, the Court will transfer this case to the District of Columbia.

### III.   CONCLUSION

For the foregoing reasons, the Court denies without prejudice Defendants' Motion to Dismiss and grants Defendants' Motion to Transfer Venue to the District of Columbia. An appropriate form of order accompanies this opinion.

Dated: July 24, 2009

                                              s/ Garrett E. Brown, Jr.
                                              GARRETT E. BROWN, JR., U.S.D.J.