# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY N. DUCKWORTH, F/V REAPER, INC., and F/V TWISTER, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, acting by and through GARY LOCKE, in his official capacity as Secretary of the United States Department of Commerce, THE NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION, and THE NATIONAL MARINE FISHERIES SERVICE, <br><br> Defendants. | Civil Action No. 09–1387 (CKK) |

**MEMORANDUM OPINION**
(September 6, 2011)

Plaintiffs Gregory N. Duckworth, F/V Reaper, Inc., and F/V Twister, Inc. (collectively, "Plaintiffs") brought this action against Defendants Gary Locke, in his official capacity as the Secretary of the United States Department of Commerce, the National Oceanic and Atmospheric Administration ("NOAA"), and the National Marine Fisheries Service ("NMFS")[1] (collectively, "Defendants") seeking to appeal a final decision of the Secretary regarding Notices of Violation and Assessment and Notices of Permit Sanction issued to Plaintiffs for alleged violations of the Magnuson-Stevens Fishery Conservation and Management Act ("Magnuson-Stevens Act" or "MSA"), 16 U.S.C. §§ 1801-82. On April 15, 2010, the Court granted Defendants' motion for

---

[1] The National Marine Fisheries Service is administratively part of the National Oceanic and Atmospheric and Administration, which is housed within the U.S. Department of Commerce. The Court shall generally use the term "agency" to refer to any of these entities.

summary judgment. Plaintiffs appealed, and the Court of Appeals affirmed the Court's judgment on April 21, 2011. Presently pending before the Court is Plaintiffs' [35] Motions Pursuant to Rules 60(b) and 62.1(a) Pleads for Relief from a Judgment and Order [sic], which was filed during the pendency of the appeal. Now that the Court of Appeals has issued the mandate, Plaintiffs' request for relief is not barred by a pending appeal, and therefore there is no need for an indicative ruling pursuant to Rule 62.1. Accordingly, the Court shall consider Plaintiffs' motion pursuant to Rule 60(b).

Plaintiffs contend that the Court should set aside its prior judgment based on evidence published by the Department of Commerce Office of Inspector General ("OIG") in a final report issued on September 23, 2010 regarding NOAA's fisheries enforcement programs and operations. However, for the reasons explained below, the Court finds that the OIG's final report does not provide a valid basis for the Court to set aside its judgment. Accordingly, the Court shall DENY Plaintiffs' Rule 60(b) motion.

## I. BACKGROUND

Most of the facts relevant to Plaintiffs' present motion were laid out by the Court in its summary judgment opinion. *See Duckworth v. United States ex rel. Locke*, 705 F. Supp. 2d 30, 34-39 (D.D.C. 2010). The Court assumes familiarity with that opinion here. For background purposes, the Court shall briefly recite the facts most relevant to the pending motion.

*A. Factual Background*

Plaintiff Gregory Duckworth ("Duckworth") is a commercial fisherman who lives in Rhode Island. At the time of the events giving rise to the alleged violations at issue, Duckworth was the sole owner of the fishing vessels Reaper and Twister, which he managed through wholly-

owned corporations F/V Reaper, Inc., and F/V Twister, Inc., respectively. On August 2, 2007, NOAA issued Notices of Violation and Assessment ("NOVAs") and Notices of Permit Sanction ("NOPSs") against Plaintiffs alleging nine violations of the Magnuson-Stevens Act, eight of which were the subject of this appeal. The first of the eight counts at issue pertained to a claim that Duckworth and F/V Twister, Inc. made a false statement in connection with a fishing permit application in violation of 50 C.F.R. § 648.14 (the "False Statement Case"). The remaining seven counts pertained to allegations that Duckworth and F/V Reaper, Inc. unlawfully fished for lobster by leaving lobster traps at sea after their fishing permits were suspended due to a prior federal fisheries violation (the "Lobster Traps Case").

Plaintiffs requested an administrative hearing on the alleged violations, and a three-day hearing was commenced in Boston, Massachusetts, on May 6, 2008. During the hearing, Defendants presented testimony from eleven witnesses and introduced forty-nine exhibits; Plaintiffs offered testimony from four witnesses and introduced seventeen exhibits into evidence. The case was heard by Administrative Law Judge ("ALJ") Michael Devine, who issued an Initial Decision and Order on October 6, 2008, finding that NOAA had established by a preponderance of reliable and credible evidence that Plaintiffs had violated federal fisheries laws and regulations by submitting a false statement in a permit application and by fishing for lobsters without a valid permit. The ALJ weighed the factors to be considered in deciding an appropriate penalty under the MSA and its regulations, and he ultimately adopted the sanctions proposed by Defendants: a civil penalty of $130,000 and a revocation of operator and vessel permits for Duckworth and F/V Twister, Inc. for the False Statement Case and a civil penalty of $910,000 and a revocation of operator and vessel permits for Duckworth and F/V Reaper, Inc. for the Lobster Traps Case.

Plaintiffs submitted a discretionary petition to the NOAA Administrator seeking review of the ALJ's decision. On November 24, 2009, NOAA Administrator Jane Lubchenco issued an order affirming the violations but modifying the ALJ's initial decision regarding the sanctions and penalties imposed. After considering Plaintiffs' ability to pay and the magnitude of the offenses, the Administrator reduced the monetary penalty to $50,000 for the False Statement Case and $50,000 for the Lobster Traps Case. The Administrator also reduced the permit revocations imposed by the ALJ to permit suspensions for a period of 48 months. The Administrator's ruling constituted the final agency action.

### B. Procedural Background

This Court reviewed the Administrator's decision to determine whether it was supported by substantial evidence pursuant to 16 U.S.C. § 1858(b). The Court held that the ALJ's determination that Plaintiffs made a false statement and fished for lobster without a permit in violation of MSA regulations was supported by substantial evidence. *See* 705 F. Supp. 2d at 42-48. The Court also held that the penalties imposed by the Administrator were not excessive or in violation of the MSA, its regulations, or the Eighth Amendment to the United States Constitution. *Id.* at 48-50. The Court noted that the fines imposed were well within the range allowed by the Magnuson-Stevens Act, which allows civil penalties up to $130,000 for each violation. *Id.* at 48. The Court also noted that both the ALJ and the Administrator had enumerated reasons why the record supported a substantial fine, *viz.*, that Duckworth intentionally forged official U.S. Coast Guard documentation for the purpose of obtaining a permit renewal, intentionally tried to circumvent the law by deploying lobster gear while permit sanctions were in effect, and had a record of prior offenses that demonstrated a "cavalier attitude

4

toward the agency's regulations and enforcement processes." *Id.* at 49. The Court held that neither the ALJ nor the Administrator were required by law to follow NOAA's Penalty Schedule in determining appropriate sanctions. *Id.* The Court also held that a report published by the OIG in January 2010 reviewing NOAA's enforcement of fisheries regulations did not contain any evidence relevant to Plaintiffs' case and should be disregarded as extra-record evidence. The Court agreed with the Administrator's and the ALJ's assessment of penalties and sanctions, finding that a $100,000 fine was not arbitrary and capricious or grossly disproportionate to the gravity of the offenses. *Id.*

The Court of Appeals affirmed this Court's decision in an unpublished opinion. *See* 418 F. App'x 2 (D.C. Cir. 2011). The Court of Appeals rejected Plaintiffs' claims that the fines and permit sanctions were arbitrary and capricious or unlawfully excessive. The Court of Appeals noted that each decision maker made findings based on statutory factors and that the sanctions were reasonable in light of Plaintiffs' prior history of violations, their culpability, and their ability to pay. The Court of Appeals also held that this Court did not abuse its discretion in failing to supplement the record with the OIG report, as it was issued two months after the Administrator's final decision and did not address specific cases. The Court of Appeals also rejected Plaintiffs' constitutional challenges to the sanctions.

    *C.*    *The OIG Reports*

Plaintiffs' Rule 60(b) motion focuses primarily on a report issued by the OIG on September 23, 2010 entitled "Final Report–Review of NOAA Fisheries Enforcement Programs and Operations." *See* Pls.' Ex. P-3 (Report No. OIG-19887-2). This report presents the results of the OIG's examination of 27 specific complaints raised by fishermen alleging unfair treatment

5

and overzealous enforcement by NOAA's Office for Law Enforcement ("OLE") and Office of General Counsel for Enforcement Litigation ("GCEL"). *See id.* at 2. The report was a follow-up to the OIG's January 21, 2010 report, which the Court declined to consider as part of the record during its summary judgment ruling. In the January 21, 2010 report, the OIG reviewed how OLE and GCEL conducted enforcement operations between June and December 2009. *See* Pls.' Ex. P-2 (Report No. OIG-19887) at 1. The OIG found that individual enforcement attorneys had significant discretion and only minimal guidance, and the OIG recommended that NOAA strengthen its policy guidance, procedures, and internal controls to address a common industry perception that its civil penalty assessment process is arbitrary and unfair. *See id.* at 3. The OIG also noted that initial fine assessments in the Northeast Region (where Plaintiffs were sanctioned) were substantially higher than in other regions, fostering an appearance that the assessments were arbitrary. *Id.* at 13.

In its September 2010 report, the OIG reviewed 27 complaints raised by fishermen during its initial investigation. *See* Pls.' Ex. P-3 at 3. Twenty-six of the complaints were from fishermen in the Northeast Region, and all of the complaints reviewed concerned enforcement under the Magnuson-Stevens Act. *Id.* Plaintiffs' cases were not among the 27 complaints reviewed by the OIG as part of this report. Based on its review, the OIG concluded that the fine assessments and the number of charged violations in the Northeast Region appeared to be excessive and intended to force respondents into settlement. *Id.* at 6. The OIG criticized one senior enforcement attorney in the Northeast Region whose statements "foster[ed] a perception of predisposition against certain fishermen and their counsel." *Id.* at 7. This included an alleged statement by the attorney referring to NOAA ALJs as "my judges." *Id.* at 8. The OIG noted that

"[s]uch written remarks, actions, and predispositions from a federal government attorney empowered with virtually unchecked prosecutorial discretion constitute a series lack of judgment and conduct unbecoming a federal government attorney charged with enforcing the law." *Id.* at 9. The OIG identified 19 complaints as appropriate for further review and recommended that NOAA establish an independent process to provide equitable relief in past enforcement cases where appropriate; make appropriate changes to its regulations, policies, procedures, and practices; and/or timely address and remedy employee performance or conduct matters. *Id.* at 11.

In response to the OIG's September 2010 report, NOAA appointed a Special Master and charged him with reviewing the 19 complaints that were identified by the OIG as appropriate for further review as well as 104 additional complaints referenced by the OIG in its report.[2] *See* Pls.' Ex. P-4 (Mem. from Jane Lubchenco to OIG (Nov. 22, 2010)) at 2-3. According to Defendants, the Secretary has decided that the Special Master will not review any complaint related to an enforcement case that has been adjudicated in federal court.[3] NOAA also changed its penalty schedule so as to place the burden of justifying a particular civil penalty or sanction on NOAA rather than on the respondent in cases presented to ALJs. *See id.* NOAA also reassigned several personnel who were in GCEL's Northeast Region office, including Charles Juliand, the attorney who issued the NOVAs and NOPSs to Plaintiffs. *See id.* at 4. Plaintiffs contend that Mr. Juliand

---

[2] The OIG spoke to 131 complainants in the course of its investigation. *See* Pl.'s Ex. P-3 at 3. Defendants concede that Duckworth was one of those complainants. *See* Defs.' Opp'n at 7. However, Duckworth's complaint was not one of the 27 that was examined by the OIG in its September 2010 report.

[3] Plaintiffs contend that the Special Master is reviewing some cases that have been adjudicated by a federal court. The Court finds that the scope of the Special Master's review is not material to the present motion; therefore, the Court need not resolve the parties' dispute about this issue.

is the senior enforcement attorney referenced in the OIG's September 2010 report. Plaintiffs point to evidence that Mr. Juliand's average penalty assessment for a NOVA was substantially higher than the other enforcement attorneys in the Northeast Region. *See* Pls.' Ex. 11 at 3. Plaintiffs also cite to letters from members of Congress that indicate Mr. Juliand was removed as a result of the OIG reports. *See* Pls.' Ex. P-6 (10/27/10 Letter from Sens. Scott Brown and John Kerry and Reps. Barney Frank and William Delahunt to Sec'y Gary Locke); Pls.' Ex. P-12 (10/29/10 Letter from Sen. Olympia Snowe to Sec'y Gary Locke). Duckworth submitted an affidavit to a Congressional oversight committee regarding what he perceived to be unfair treatment from Mr. Juliand. *See* Pls.' Ex. P-9.

Plaintiffs also refer to an OIG report that is not in the record pertaining to the alleged destruction of documents at OLE. *See* Pls.' Mem. at 9. Plaintiffs contend that Dale Jones was removed as head of law enforcement for shredding documents and for his knowledge of others shredding documents. *Id.* The exhibit Plaintiffs rely on to support this contention do suggest that there was an OIG report relating to document shredding and that over 140 files may have been destroyed, but that the OIG made no findings regarding the impacts on individual cases. *See* Pls.' Ex. P-8 at 8. Defendants assert that Dale Jones never had any supervisory responsibility for Mr. Juliand or any other GCEL attorney. Defendants also assert that the document destruction incident occurred in November 2009, well after Plaintiffs' enforcement action was completed by the agency. Plaintiffs do not dispute these assertions in their reply brief.

## II. LEGAL STANDARD

Plaintiffs ask the Court for relief pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Plaintiffs argue that relief is warranted based on subsections (2), (3), (5), and (6).

"[M]otions for relief under Rule 60(b) are not to be granted unless the movant can demonstrate a meritorious claim or defense." *Lepkowski v. U.S. Dep't of Treasury*, 804 F.2d 1310, 1314 (D.C. Cir. 1986). In order to receive relief from a judgment under Rule 60(b)(2), the movant must demonstrate that: (1) the newly discovered evidence is of facts that existed at the time of trial or other dispositive proceeding; (2) the party seeking relief was justifiably ignorant of the evidence despite due diligence; (3) the evidence is admissible and is of such importance that it probably would have changed the outcome; and (4) the evidence is not merely cumulative or impeaching. *Epps v. Howes*, 573 F. Supp. 2d 180, 185 (D.D.C. 2008) (citing *Lightfoot v. District of Columbia*, 555 F. Supp. 2d 61, 66-67 (D.D.C. 2008)). "In order to prevail on a motion under Rule 60(b)(3), [the movant] must show actual prejudice, that is, he must

demonstrate that [the opposing party's] conduct prevented him from presenting his case fully and fairly." *Munoz v. Bd. of Trs. of Univ. of D.C.*, 730 F. Supp. 2d 62, 70 (D.D.C. 2010) (citation omitted). To warrant relief under Rule 60(b)(5), a party must demonstrate that "'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'" *Horne v. Flores*, 129 S. Ct. 2579, 2593 (2009) (quoting *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 384 (1992)). Motions under Rule 60(b)(6) should not be granted unless the movant can show "extraordinary circumstances" justifying reopening of a final judgment. *Salazar ex rel. Salazar v. District of Columbia*, 633 F.3d 1110, 1116 (D.C. Cir. 2011).

### III. DISCUSSION

Plaintiffs contend that this Court should set aside its prior judgment because the final report released by the OIG in September 2010 demonstrates that the enforcement attorney who issued the NOVAs and NOPSs to Plaintiffs engaged in prosecutorial misconduct that fundamentally tainted Plaintiffs' enforcement action. However, the Court is not persuaded by Plaintiffs' argument, for at least two reasons. First, the September 2010 OIG report does not contain any new evidence specifically relating to Plaintiffs' enforcement action. Second, even assuming that the enforcement attorney engaged in some form of misconduct, the ALJ independently concluded that Plaintiffs had violated MSA regulations and the NOAA Administrator did not adopt the penalties recommended by the enforcement attorney. Therefore, the September 2010 OIG report does not call into question this Court's finding that the final agency action was supported by substantial evidence. *See* 16 U.S.C. § 1858 ("The findings and order of the Secretary shall be set aside . . . if they are not found to be supported by substantial evidence . . . .").

*A. The OIG Report Does Not Contain Evidence Specific to Plaintiffs' Action*

Plaintiffs contend that the OIG's September 2010 report constitutes new evidence of prosecutorial misconduct by the NOAA enforcement attorney who issued the NOVAs and NOPSs at issue in this action. As an initial matter, the Court notes that the OIG report does not identify the attorney whom it singled out for criticism, and Plaintiffs have failed to conclusively demonstrate that it was in fact Mr. Juliand. However, even assuming *arguendo* that the OIG report was criticizing certain actions taken by Mr. Juliand in the course of his enforcement duties, the OIG report does not demonstrate any prosecutorial misconduct or bad faith that was taken with respect to Plaintiffs' enforcement action. Plaintiffs' case was not among the 27 that was reviewed by the OIG in its September 2010 report, and Plaintiffs have not identified any specific evidence in the report that pertains to Plaintiffs' case.

Plaintiffs rely heavily on *Berger v. United States*, 295 U.S. 78 (1935), where the Court held that persistent misconduct by the prosecuting attorney during trial was prejudicial to the defendant and required a new trial. As the Court explained, the prosecutor in *Berger*:

> was guilty of misstating the facts in his cross-examination of witnesses; of putting into the mouths of such witnesses things which they had not said; of suggesting by his questions that statements had been made to him personally out of court, in respect of which no proof was offered; of pretending to understand that a witness had said something which he had not said and persistently cross-examining the witness upon that basis; of assuming prejudicial facts not in evidence; of bullying and arguing with witnesses; and, in general, of conducting himself in a thoroughly indecorous and improper manner.

295 U.S. at 84. Plaintiffs have not alleged that the enforcement attorney engaged in misconduct during the course of the hearing before the ALJ. Rather, they argue that the enforcement attorney abused his prosecutorial discretion by charging the offenses and recommending the maximum

11

penalties in an effort to coerce a settlement.  This Court is unaware of any authority requiring that a judgment be set aside based on a enforcement attorney's decision to exercise his discretion to charge the most severe penalties permitted by law.  Furthermore, Plaintiffs raised the issue of excessive penalties in their motion for summary judgment, *see* Pls.' Mot. for Summ. J. at 18-19, 30-37, and this Court addressed this issue thoroughly in its prior opinion, which was affirmed by the Court of Appeals.  The OIG reports do not add any new material evidence to Plaintiffs' argument that the penalties imposed were excessive.  Therefore, the OIG reports do not provide a basis for the Court to grant relief under Rule 60(b).

The Court also finds that Plaintiffs have failed to provide the Court with any new evidence regarding the destruction of documents relevant to their enforcement action that warrants reconsideration of the Court's prior judgment.  Although the OIG apparently found that there were some instances in which documents relating to enforcement actions were destroyed, there is no evidence that this actually occurred with respect to Plaintiffs' actions.  Accordingly, this is not a basis for granting relief under Rule 60(b).

   B.   *The Enforcement Attorney's Recommended Penalties Were Not Adopted*

Even if Plaintiffs could establish that the enforcement attorney's recommended penalties were excessive, that fact is irrelevant in this case because the agency ultimately did not adopt those recommended penalties. Although the ALJ did adopt the penalties recommended by the enforcement attorney,[4] the NOAA Administrator independently reviewed the record and reduced the penalties imposed by the ALJ.  It is the NOAA Administrator's decision—not the ALJ's or

---

[4] Under regulations in effect at the time, the ALJ was required to explain any departure from the penalty recommended by the enforcement attorney.

the enforcement attorney's—that constitutes the agency's final decision and that is subject to judicial review. *See* 16 U.S.C. § 1858(b); 15 C.F.R. § 904.273(k). The NOAA Administrator does not owe any deference to the ALJ's findings or to the penalties recommended by the enforcement attorney. *See* 15 C.F.R. § 904.273(b) ("The Administrator may elect to issue an order to review the initial decision without petition and may affirm, reverse, modify or remand the Judge's initial decision."); *Kevin P. McDonald*, 1995 WL 1311380, at n.8 (NOAA Oct. 23, 1995) ("If appealed to the Administrator for review, the ALJ's determinations are not entitled to any special deference from the agency, which is free to independently weigh the evidence and draw its own conclusions."). In this case, the record clearly demonstrates that the Administrator made an independent decision on Plaintiffs' appeal and imposed the penalties and sanctions she deemed appropriate based on a variety of factors. Plaintiffs have not demonstrated that the Administrator's decision was unfairly influenced by any alleged bias or misconduct on the part of the enforcement attorney.

Both this Court and the Court of Appeals have rejected Plaintiffs' objections to the NOAA Administrator's assessment of penalties and sanctions. Plaintiffs have failed to present this Court with any new evidence that undermines these rulings.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs have not presented the Court with any new evidence that is of such importance that it probably would have changed the outcome of the Court's summary judgment ruling. The Court also finds that Plaintiffs have not demonstrated any prejudice from the alleged misconduct of the enforcement attorney because they had a full opportunity to present their case to the ALJ and appeal his decision to the NOAA

13

Administrator.  Plaintiffs have not provided the Court with any evidence demonstrating that continuing to apply the Court's judgment is inequitable, and the Court finds no other basis for awarding relief under Rule 60(b).  Accordingly, the Court shall DENY Plaintiffs' Rule 60(b) motion.  An appropriate Order accompanies this Memorandum Opinion.


Date:   September 6, 2011

/s/<br>
COLLEEN KOLLAR-KOTELLY<br>
United States District Judge